**ECKERT et, Etc v SCHMITT**

Ohio Appeals, 1st Dist, Hamilton Co

No 4390.   Decided Nov 27, 1933

Bert H. Long, Cincinnati, and Walter Eckert, Cincinnati, for plaintiffs in error.

Anthony P. Conlon, Cincinnati, and Roy L. Struble, Cincinnati, for defendant in error.

**OPINION**
By HAMILTON, PJ.

Defendant in error, Clarence Schmitt, obtained a judgment in the Court of Common Pleas against the plaintiffs in error, defendants below, for personal services rendered to plaintiffs in error's decedent, Lena Puhlmann, during her lifetime.

Error is prosecuted to that judgment.

The first point of error stressed is that there was a variance between the proof and the allegations of the petition, in that the petition declares on an implied contract, while the evidence shows an express contract, if anything in the nature of a contract.

The claim in the petition is, that during the life of Lena Puhlmann, the plaintiff,

Clarence Schmitt, performed work and labor for her at her instance and request, consisting of services rendered as chauffeur and mechanic in repairing automobiles of Lena Puhlmann; that the services were continuous from August 1, 1925 until August 1, 1931, for a period of three hundred and twelve weeks, and that the fair and reasonable value of such services is the sum of eighteen dollars per week, and asks judgment in the sum of $5,616.00, with interest.

The only evidence, as disclosed by the record, tending to show an express contract was given from the witness stand by the wife of the plaintiff, who testified that she complained to Miss Puhlman about her husband giving so much time to her work, in driving the machines and taking care of them. In substance, she further testified that Miss Puhlmann told her that: "If Clarence (Schmitt) will drive the machine and take me where I want to go and keep my car in condition, when I die I will leave him property. * * * If he does right by me and drives the car and takes care of it, when I die I will give him some property for it."

This testimony was later excluded by the trial court. At the close of the plaintiff's case, the court instructed the jury to disregard this evidence. So that if the evidence had a tendency to prove an express contract to leave property after death, it was taken out of the case. Moreover, had it been left in, it would not have shown any express contract between Schmitt, the claimant, and Miss Puhlmann. The statements made were apparently given to a third person, in order to quiet her, as she was objecting to her husband taking so much time and leaving her alone. The statement is only represented as being made to the wife, and there is nothing to connect the statement with Schmitt. She does not say she had such a contract, she promises the wife if he would serve her, she would leave him property.

The case as made by the petition is on an implied contract, or, as suggested by counsel, was a case of quantum meruit.

The second point stressed is that there is no evidence on which the jury could arrive at the verdict of $1100.00, which was the amount of the verdict, and calls attention to the fact that the only evidence was given by Jacob Schmitt, one of the executors, called as a witness. This witness testified that Clarence Schmitt's services were worth 75c per hour. He later took the stand and testified he thought the services were worth about $300.00. There was no other evidence fixing any particular amounts.

There was ample evidence showing the amount of services rendered, which, if worth 75c per hour, would far exceed the amount of the verdict and judgment. However, it is the rule that the jury may take its own experience into consideration in arriving at a valuation of services such as this, in addition to any evidence that may be offered, based on the proven tme of service. The jury only awarded a little over $3.00 per week. This would seem to be very reasonable for the services rendered, as proven conclusively.

It is next complained that the executors were prejudiced by the conduct of Jacob Schmitt in taking the stand and giving the testimony that he did, being one of the executors; that his action amounted to misconduct, prejudicing his co-executor and the estate. The executor, Jacob Schmitt, was the father of the claimant, and took the stand and testified, as heretofore stated, that the value of the services was $.75 per hour, and later that the services were worth about $300.00 total. Counsel for the executors thereupon moved the court to withdraw a juror and continue the case, on the ground of misconduct of Schmitt, the executor. At the time, the court refused to grant the motion, but later the court addressed counsel as follows:

"The Court: Mr. Long, the court will now entertain a renewal of your motion to withdraw a juror and continue the case, on the ground of the misconduct of the defendant, Jacob Schmitt.

"Mr. Long: The defendants are satisfied to stand on the record as the same now stands."

This ground of error was, therefore, waived and counsel cannot be heard to complain.

It is next complained that the court erred in excluding evidence of the plaintiff's earnings while working for the Lunkenheimer Company, where they sought to show he received $18.00 per week. The evidence discloses that the most of plaintiff's services to Miss Puhlmann were rendered in the evenings and at night, and on Saturdays and Sundays. In other words, the services were rendered outside of working hours. Therefore, his earnings, which were sought to be shown, were neither pertinent nor material. No error intervened by this rejection.

Our conclusion is, that no prejudicial error against plaintiff in error resulted in the trial of the case. The judgment is affirmed.

CUSHING and ROSS, JJ, concur.