## STRAUSS v DWYER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15336. Decided Oct 26, 1936

Mooney, Hahn, Loeser, Keough & Fulton, Cleveland, for plaintiff in error.

Harrison & Marshman, Cleveland, for defendant in error.

ROSS, J, (1st Dist) MONTGOMERY and SHERICK, JJ, (5th Dist), sitting by designation.

## OPINION

By MONTGOMERY, J.

Judgment was obtained in the Common Pleas Court by the defendant in error for damages for the wrongful death of his decedent and from that judgment error was prosecuted to this court.

The decedent was an employee of a tenant in a building of the plaintiff in error. He died as a result of being precipitated down an elevator shaft. It is conceded

that the elevators, six in number, were owned and controlled by the defendant below, now plaintiff in error. The elevator in controversy was designated number five. Prior to his death the decedent, operating the elevator, had brought down some empty boxes from an upper floor to the second floor where he was working, filling the boxes near the elevator.

It is urged that there was error in the proceedings of the lower court in the following particulars:

1. In failing to declare a mistrial.
2. In the rejection and admission of evidence.
3. In the charge to the jury.
4. In that the judgment was contrary to law and manifestly against the weight of the evidence.

It is urged further that the trial court should have directed a verdict and that the court should now render final judgment for the plaintiff in error. Of these claims in the order des'gnated:

1. Counsel for defendant in error was in fault in injecting into the case the question of liability insurance. Such conduct would justify a reversal, had the question been saved or had opposing counsel insisted upon his contention that the jury be dismissed. However, his conduct in our judgment constituted a waiver of this right and he cannot now complain of this error. See **Eckert v Schmidt, 47 Oh Ap 61, (16 Abs 351).**

2. We find no prejudicial error in the admission or exclusion of evidence. The city ordinances which were objectionable were withdrawn from the jury and in fact eliminated from the amended petition as it now appears. Defendant below was not entitled, as a part of the cross-examination of the administrator, to develop its affirmative defense of the actual earnings of decedent. To the extent that the cross-examination properly tested the credibility of the witness, it was admitted.

3. The court did err in its' charge to the jury. The claim of negligence was based upon the alleged unsafe and dangerous condition of the gate at elevator number five, the only elevator with which we are concerned. At different times during his charge the trial court referred to the "gates" and presumably there were six of them. The court in defining the issues, said:

"The issues, therefore, are made up and the sole question for your determinat on. in this lawsuit are, first, was the defendant negligent with respect to the maintenance and the care of the elevator gates in this building. Second, was that failure a proximate cause of the death of the defendant?"

4. A recital of the evidence would answer no useful purpose. We have read the whole of it. Interested counsel and parties are thoroughly familiar with it. The evidence of negligence on the part of the defendant below is slight. The overwhelming weight of the evidence is contrary thereto. There is nothing like a preponderance of the evidence to sustain the contention that the claimed negligence of the owner of the building was the proximate cause of this death.

Of necessity there should be a reversal of the judgment both for error in the charge of the trial court and because the judgment is manifestly against the weight of the evidence.

Should there have been a directed verdict? We think so. The testimony of the only eye witness to the tragedy showed clearly that the decedent himself was negligent and that his negligence proximately contributed to his fall and death. This evidence was produced by the plaintiff. He produced nothing to counter-balance or offset it, or to dispel the presumption raised by it

See **Majores v Cleveland Interurban R. R. Co., 127 Oh St 255.**

The judgment of the Court of Common Pleas will be reversed and final judgment may be entered for plaintiff in error. Exceptions may be noted.

ROSS and SHERICK, JJ, concur.